PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 41]

Name of Offender: Roger Ramone Wallace    Case Number: 3:05-00201

Name of Sentencing Judicial Officer: Honorable Robert L. Echols, U.S. District Judge

Name of Current Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: May 15, 2006

Original Offense: 18 U.S.C. § 922 (g)(1) Felon in Possession of a Firearm

Original Sentence: 60 months' custody and 3 years' supervised release

Type of Supervision: Supervised Release    Date Supervision Commenced: September 16, 2010

Assistant U.S. Attorney: Sandra Moses    Defense Attorney: Michael Holley

---

### PETITIONING THE COURT

_____ To issue a Summons.
_____ To issue a Warrant.
__X__ To Consider Additional Violations/Information

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☒ The Consideration of Additional Alledged Violations/Information
☐ Other

Considered this ___9___ day of __July__, 2013,
and made a part of the records in the above case.

_____Todd Campbell_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____Joshua Smith_____
Joshua Smith
U.S. Probation Officer

Place        Nashville, TN

Date         July 8, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 41, has been amended as follows:

    Violation No.1 - has been amended to include additional positive drug tests

    Violation No. 2 - has been amended to include additional failure to report for drug testing

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1. **The defendant shall refrain from any unlawful use of a controlled substance.**

   Mr. Wallace has tested positive for Cocaine on twelve occasions.

   | | | |
   |---|---|---|
   | September 27, 2012 | March 19, 2013 | April 8, 2013 |
   | October 9, 2012 | March 22, 2013 | May 15, 2013 |
   | January 29, 2013 | March 28, 2013 | June 26, 2013 |
   | February 5, 2013 | April 4, 2013 | July 3, 2013 |

   On July 3, 2013, Mr. Wallace admitted that he has continued to use cocaine and last used cocaine the previous weekend.

   Since the positive drug test on September 27, 2012, Mr. Wallace has tested negative for illegal drugs 17 times.

2. **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the Probation Officer.**

   Mr. Wallace failed to report for drug testing on three occasions, January 2, April 3, and July 3, 2013.

   Mr. Wallace failed to report for substance abuse treatment on three occasions. On December 27, 2012, Mr. Wallace stated that he missed treatment due to illness. On January 23, 2013, Mr. Wallace was late to substance abuse treatment and was not allowed to participate. On February 13, 2013, he stated that he missed treatment due to car trouble.

3. **The defendant shall not commit another federal, state or local crime.**

   On January 3, 2013, Mr. Wallace was charged with Driving on a Suspended License by an officer of the Metro Nashville Police Department. His license was reinstated and the charge was dismissed on January 25, 2013.

   On March 15, 2013, Mr. Wallace was given a citation by an officer of the Metro Nashville Police Department for possession of a marijuana roach. According to the criminal complaint, Mr. Wallace was stopped for running at stop sign. The officer asked for consent to search the vehicle and found a marijuana roach weighing approximately .2 grams located under the passenger seat. On April 11, 2013, the charge was retired for six months.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Wallace has a history of illegal drug use. During pretrial supervision, Mr. Wallace tested positive for cocaine on three occasions in 2006. Mr. Wallace began supervised release on September 16, 2010, and is due to terminate supervision on September 15, 2013. He was sent for a substance abuse assessment in November 2010. Substance abuse treatment was not recommended at that time.

A report was submitted to the Court on October 17, 2012, informing that Mr. Wallace tested positive for cocaine on multiple occasions. As a result of the positive drug tests, his drug testing was increased and he was sent for another substance abuse assessment. His substance abuse assessment was completed in November 2012 and substance abuse treatment was recommended. He has been attending outpatient substance abuse treatment since that time.

A petition for a summons was submitted to the Court on March 4, 2013, reporting that Mr. Wallace tested positive for cocaine four times, failed to report for drug testing on one occasion, failed to report for substance abuse treatment on one occasion and had been charged with Driving on a Suspended License. He reported on the summons and an initial appearance was held on March 19, 2013. Since that time, he had continued to test positive for cocaine. On April 11, 2013, Mr. Wallace informed that he had contacted Elam Mental Health Center to participate in more intense substance abuse treatment. He admitted to recent use of cocaine on April 8, 2013.

A revocation hearing was held before Your Honor on April 25, 2013. The hearing was continued for three months to allow Mr. Wallace an opportunity to attend intensive outpatient treatment at Elam. He began treatment at Elam in late April 2013 and continues to receive treatment at that facility to date. He is allegedly pursuing inpatient substance abuse treatment with Elam to address his continued use of cocaine.

**Update of Offender Characteristics:**

There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that the additional violations be considered at the Revocation Hearing scheduled before Your Honor on July 25, 2013. This matter has been discussed with the U.S. Attorney's office and they concur with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ROGER RAMONE WALLACE, CASE NO. 3:05-00201

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003  PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 6-12 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

Revocation is mandatory if the defendant, as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, 18 U.S.C. § 3583 (g)(4). The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule section 3583 (g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583 (d).

**Guideline Policy Statements:** Upon a finding a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

_____
Joshua Smith
U.S. Probation Officer


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Roger Ramone Wallace

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:05CR00201 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date**  09 / 16 / 2010
   month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant* No.) _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | positive drug tests | C |
   | missed drug testing/treatment | C |
   | criminal charges | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  — C

9. **Criminal History Category** *(see §7B1.4(a))*  — IV

10. **Range of Imprisonment** *(see §7B1.4(a))*  — 6-12 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Roger Ramone Wallace

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____

    Fine($)        _____     Home Detention           _____

    Other          _____     Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 1 to 3 years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**
    List aggravating and mitigating factors that may warrant a
    sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days